IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN BILLY WILLIS, III, | No. 2:13-CV-1599-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| HEIDI H. LACKNER, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are: (1) respondent's motion to dismiss the petition as unexhausted; and (2) petitioner's motion for an order staying the matter and holding further consideration of the petition in abeyance pending exhaustion in state court.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement

1

in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

In this case, it is undisputed that petitioner's petition contains both exhausted and unexhausted claims. The question becomes whether a stay is appropriate. When, as in this case, a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661.

Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277.

In his motion for a stay, petitioner states:

> As stated the petitioner does not move here seeking a stay, or continuance, with any intention to mislead the court by use of a delay or tactics. Nor does the petitioner claim or contend that the respondent by moving to dismiss had injured petitioner in any way. Only that he be given the opportunity to federalize those unexhausted claims before the state court.

The court agrees with respondent that petitioner's motion fails to demonstrate good cause for a stay pending exhaustion of unexhausted claims. In particular, petitioner has not provided any justification for his failure to present his unexhausted claims to the state courts earlier.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 16) be granted;

2. Petitioner's motion for a stay (Doc. 21) be denied; and

3. The petition be dismissed with leave to file an amended petition containing only exhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE