IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN BILLY WILLIS, III, | No. 2:13-CV-1599-TLN-CMK-P |
| Petitioner, | |
| vs. | AMENDED FINDINGS AND RECOMMENDATIONS |
| HEIDI H. LACKNER, | |
| Respondent. | |
| _____ / | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are: (1) respondent's motion to dismiss the petition as unexhausted; and (2) petitioner's motion for an order staying the matter and holding further consideration of the petition in abeyance pending exhaustion in state court.

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement

1  in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of
2  the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal
3  court no state remedies are available to the petitioner and the petitioner has not deliberately
4  by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations
5  omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to
6  give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard
7  v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.
8          In this case, respondent argues that the petition contains unexhausted claims,
9  citing plaintiff's failure to present all his claims to the state court by way of either direct or
10 collateral review. A review of the record, including petitioner's November 14, 2014, objections
11 to the court initial findings and recommendations issued on November 5, 2014, reflects that
12 petitioner has now exhausted all the claims raised in the instant federal petition. Specifically,
13 those claims not addressed on direct review appear to have been denied on the merits by the
14 California Supreme Court on September 17, 2014.
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Based on the foregoing, the undersigned recommends that:

1.  Respondent's motion to dismiss (Doc. 16) be denied;

2.  Petitioner's motion for a stay (Doc. 21) be denied as unnecessary; and

3.  Respondent be directed to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 27, 2015

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE